UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

YOUSEF AHMED, et al.,

                       Plaintiffs,

   vs.

CITY OF BUFFALO, et al..

                       Defendants.

Case No. 25-cv-00391

---

**MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS**

                                                               LETITIA JAMES
                                                               Attorney General of the State of New York
                                                                Daniel R. Maguire
                                                                 Main Place Tower, Suite 300A
                                                                 350 Main Street
                                                                 Buffalo, New York 14202
                                                                 Tel: (716) 853-8419

                                                                 *Attorneys for State Defendants*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS .............................................................................................................. 2

ARGUMENT ................................................................................................................................... 3

POINT I     PLAINTIFFS CANNOT OBTAIN INJUNCTIVE RELIEF AGAINST THE
            STATE DEFENDANTS SUED IN THEIR INDIVIDUAL CAPACITIES ........... 3

POINT II    PLAINTIFFS FAIL TO STATE A FIRST AMENDMENT RETALIATION
            CLAIM AGAINST PRESIDENT TRIPATHI BASED ON THE RECORDING
            OF PUBLIC OFFICIALS ....................................................................................... 4

POINT III   THE COURT SHOULD DISMISS THE NEW YORK CONSTITUTIONAL
            CLAIMS AGAINST THE STATE DEFENDANTS ............................................. 5

POINT IV    THE COURT SHOULD DISMISS THE N.Y. CIV. RIGHTS LAW 40-C CLAIM
            AGAINST THE STATE DEFENDANTS .............................................................. 6

POINT V     THE COURT SHOULD DISMISS THE NEGLIGENCE CLAIM AGAINST
            THE STATE DEFENDANTS ................................................................................ 7

POINT VI    THE COURT SHOULD DISMISS PLAINTIFFS' FOURTEENTH
            AMENDMENT CLAIM .......................................................................................... 7

POINT VII   THE COURT SHOULD DISMISS PLAINTIFFS' FOURTEENTH
            AMENDMENT MALICIOUS PROSECUTION CLAIM ..................................... 8

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Barnhart v. City of Rochester*,
   No. 21-cv-6718, 2022 WL 2356631 (W.D.N.Y. June 30, 2022) .............................. 7

*Bivens v. Six Unknown Federal Narcotics Agents*,
   403 U.S. 388 (1971) ................................................................................................ 5

*Brown v. State of New York*,
   89 N.Y.2d 172 (1996) ............................................................................................. 5

*Buchanan v. City of New York*,
   556 F. Supp. 3d 246 (S.D.N.Y. 2021) .................................................................... 6

*Burg v. Gosselin*,
   591 F.3d 95 (2d Cir. 2010) ..................................................................................... 9

*Cox v. Warwick Valley Central Sch. Dist.*,
   654 F.3d 267 (2d Cir. 2011) ................................................................................... 4

*Dorsett v. County of Nassau*,
   732 F.3d 157 (2d Cir. 2013) ................................................................................... 5

*Edrei v. Maguire*,
   892 F.3d 525 (2d Cir. 2018) ................................................................................... 8

*Forbes v. City of Rochester*,
   612 F. Supp. 3d 159 (W.D.N.Y. 2020) .................................................................. 5

*Fraser v. City of New York*,
   No. 20-cv-5741, 2022 WL 3045524 (E.D.N.Y. Aug. 1, 2022) ........................... 7, 8

*Giaimo & Vreeburg v. Smith*,
   192 A.D.2d 41 (2d Dep't 1993) ............................................................................. 6

*Graham v. Connor*,
   490 U.S. 386 (1989) ................................................................................................ 7

*Hafez v. City of Schenectady*,
   894 F. Supp. 2d 207 (N.D.N.Y. 2012) ................................................................... 5

*Hamilton v. Martucello*,
   No. 24-cv-6500, 2025 WL 713032 (W.D.N.Y. Mar. 5, 2025) ............................... 6

*Kilduff v. Rochester City School Dist.*,
   53 F. Supp. 3d 610 (W.D.N.Y. 2014) .................................................................... 5

*Kuck v. Danaher,*
   822 F.Supp.2d 109 (D. Conn. 2011) ...................................................................... 3

*Marsh v. Kirschner*,
   31 F. Supp. 2d 79 (D. Conn. 1998) ........................................................................ 3

*Mason v. Besse*,
    No. 20-cv-246, 2020 WL 2523506 (D. Conn. May 18, 2020) .................................................. 8

*McBryde-O'Neal v. Polichetti*,
    2025 WL 1042325 (S.D.N.Y. Jan. 30, 2025) ........................................................................... 8

*Nassau & Suffolk County Taxi Owners Association, Inc. v. State*,
    336 F. Supp. 3d 50 (E.D.N.Y. 2018) ....................................................................................... 3

*Raymond v. City of New York*,
    No. 15-cv-6885, 2017 WL 892350 (S.D.N.Y. Mar. 6, 2017) ................................................... 5

*Rohman v. N.Y.C. Transit Auth.*,
    215 F.3d 208 (2d Cir. 2000)) .................................................................................................. 9

*Shepard v. Frontier Communications Servs., Inc.*,
    92 F. Supp. 2d 279 (S.D.N.Y. 2000) ....................................................................................... 6

*Singer v. Fulton Cnty. Sheriff*,
    63 F.3d 110 (2d Cir. 1995) ...................................................................................................... 9

*Spencer v. Holley Cent. Sch. Dist.*,
    734 F. Supp. 2d 316 (W.D.N.Y. 2010) .................................................................................... 5

*Strobridge v. City of Elmira*,
    No. 20-cv-1125S, 2022 WL 597464 (W.D.N.Y. Feb. 28, 2022) ............................................. 7

*Sundram v. Brookhaven Nat. Labs.*,
    424 F. Supp. 2d 545 (E.D.N.Y. 2006) ..................................................................................... 6

*Towner v. Town of Cohocton*,
    No. 19-cv-6638, 2021 WL 1966799 (W.D.N.Y. May 17, 2021) ............................................. 9

*United States v. Lanier*,
    520 U.S. 259 (1997) ................................................................................................................ 9

*Wahad v. FBI*,
    994 F. Supp. 237 (S.D.N.Y. 1998) .......................................................................................... 5

**Statutes**

N.Y. Civ. Rights Law 40-c ............................................................................................................. 6

N.Y. Civ. Rights Law 40-d ............................................................................................................. 6

Defendants Satish K. Tripathi ("President Tripathi"), Kimberly Beaty, Scott Marciszewski, Jonathan Fletcher, Timoty Bacon, Christopher Kerr, Robert Adamski, Luke Galmarini, Christopher Gruttaria, Matthew Kostek, Gregory Kurowski, Alexis Pearce, Michael Puerner, Amy Revelas, Michael Saraceno, Christopher Sprigg, Douglas Takac, Timothy Thompson, Robert Majewski, Kevin Will (collectively, the "State Defendants" and, collectively without President Tripathi, the "UBPD Defendants") submit this memorandum of law in support of their partial motion to dismiss.

## PRELIMINARY STATEMENT

In May 2024, Plaintiffs participated in a protest at the State University of New York at Buffalo's ("UB") North Campus to express opposition to ongoing violence in Gaza and to raise awareness as to the human rights violations against Palestinians. The protest began at approximately 3:00 pm. Pursuant to its policies, UB allowed Plaintiffs and others to protest on North Campus until sundown. At approximately 8:00 pm, officers announced that all individuals must vacate the protest site by 8:23 pm or face arrest. Plaintiffs did not vacate the protest site. At 8:23 pm, Defendants dispersed and arrested protestors, including Plaintiffs, that refused to leave the protest site. This litigation arises from the dispersal and ensuing arrests.

Plaintiffs are ten individuals that were arrested as part of the dispersal. In their 466-paragraph complaint, Plaintiffs assert 19 different state and federal claims and seek not only monetary damages but wide-ranging injunctive relief concerning the policing of future protests. Many of these claims and requests for relief are either legally insufficient or entirely duplicative of other claims. To streamline this litigation to focus on the legally tenable claims, the State Defendants file this partial motion to dismiss.

## STATEMENT OF FACTS[1]

On May 1, 2024, Plaintiffs participated in a protest on UB's North Campus to bring awareness to the ongoing humanitarian crisis in Gaza and to advocate for a ceasefire in Gaza. Compl., ECF No. 1, ¶ 58. The protest began in the mid-afternoon with a peaceful march around campus. *Id.* at ¶ 60. Once outside Capen Hall, the protestors set up a demonstration on a lawn area near UB's "Flint Loop" area. *Id.* at ¶ 61. The demonstration on the Flint Loop law went forward without a single incident for hours. *Id.* at ¶ 67. UB did not attempt to disperse the protest and allowed protestors to hold signs, share food and water, chant peacefully, and give impromptu speeches decrying the suffering in Gaza. *Id.* at ¶¶ 66-68.

As time passed, the number of protestors dwindled to a smaller core group. By 7:00 pm, only about 50 people continued to participate in the protest. *Id.* at ¶ 73. At 8:00 pm, officers announced by megaphone that all individuals must vacate the protest site by 8:23 pm or face arrest. *Id.* at ¶ 83. At 8:15 pm, officers again announced the 8:23 pm deadline. *Id.* at ¶ 85.

At 8:22 pm, Defendant Beaty issued a final dispersal order and instructed officers to disperse the protestors and arrest those that refused to disperse. *Id.* at ¶¶ 86-87. The UBPD Defendants were designated as "front line" and were primarily responsible for arresting the demonstrators. *Id.* at ¶ 87. Following the dispersal order, Plaintiffs were arrested on the Flint Loop Lawn, in an area adjacent to the Flint Loop Lawn, and near or inside Capen Hall. *Id.* at ¶¶ 105-107. Plaintiffs do not identify which officers participated in their arrests. Plaintiffs, however, allege that the unidentified arresting officers used excessive force when arresting them. *Id.* at ¶¶ 116-18.

---

[1] The State Defendants deny the allegations in the complaint. For purposes of this partial motion to dismiss, however, the complaint's allegations are accepted as true.

Following their arrests, several of the Plaintiffs were loaded onto a UB Stampede bus and transferred to another location on the UB North Campus for booking where they were charged with disorderly conduct, trespass, loitering, and resisting arrest. *Id.* at ¶¶ 136-137. Eventually, all charges against the Plaintiffs were dismissed. *Id.* at ¶¶ 139.

## ARGUMENT

## POINT I

**PLAINTIFFS CANNOT OBTAIN INJUNCTIVE RELIEF AGAINST THE STATE DEFENDANTS SUED IN THEIR INDIVIDUAL CAPACITIES**

In Counts 1, 2, 4, 5, 6, and 7, Plaintiffs seek injunctive relief against the UBPD Defendants requiring those individuals to implement policies and procedures relating to the policing of future protests. Compl. ¶¶ 249, 259, 283, 296, 305, 320. Plaintiffs, however, cannot obtain injunctive relief against the UBPD Defendants. Plaintiffs named the UBPD Defendants in their individual capacities only. *Id.* at ¶ 38. "Injunctive relief against a state official may be recovered only in an official capacity suit,…because [a] victory in a personal-capacity action is a victory against the individual defendant rather than against the entity that employs him." *Marsh v. Kirschner*, 31 F. Supp. 2d 79, 80 (D. Conn. 1998); *see also Kuck v. Danaher,* 822 F.Supp.2d 109, 143 (D. Conn. 2011) ("Plaintiffs cannot obtain prospective injunctive relief from the Defendants sued in their individual capacities as such Defendants would not have the authority to provide such relief in their individual capacities."); *Nassau & Suffolk County Taxi Owners Association, Inc. v. State*, 336 F. Supp. 3d 50, 69 (E.D.N.Y. 2018) ("since Plaintiffs are not seeking money damages but only prospective relief, a suit against the Individual Defendants in their individual or personal capacities is improper"). Thus, Plaintiffs cannot seek injunctive relief against the UBPD Defendants in their individual capacities.

Similarly, Plaintiffs cannot seek injunctive relief against President Tripathi. Although nominally sued in his official and individual capacities, Plaintiffs only assert claims against President Tripathi in his individual capacity. *See* Counts 1, 2, 5, 6, 7, 18, 19. For the same reason that Plaintiffs cannot obtain injunctive relief against the UBPD Defendants in their individual capacities, Plaintiffs cannot obtain injunctive relief against President Tripathi in his individual capacity.

## POINT II

**PLAINTIFFS FAIL TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST PRESIDENT TRIPATHI BASED ON THE RECORDING OF PUBLIC OFFICIALS**

In Count 2, Plaintiffs assert a First Amendment retaliation claim against President Tripathi asserting that he retaliated against Plaintiffs for filming police activity. Compl. ¶ 251. Plaintiffs, however, fail to allege that President Tripathi was at the protest or was aware that Plaintiffs were filming police activity.

To state a First Amendment retaliation claim, a plaintiff must allege that: (1) her "speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against [her]; and (3) there was a causal connection between this adverse action and the protected speech." *Cox v. Warwick Valley Central Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011) (citations omitted). Here, President Tripathi does not dispute that Plaintiffs alleged protected conduct (filming of police activity) or an adverse action (Plaintiffs' arrest arising from dispersal of the protest). Plaintiffs, however, have not adequately alleged, as to President Tripathi, that there was a causal connection between Plaintiffs engaging in the filming of police activity and President Tripathi requiring dispersal of the protest.

"To plead a causal connection between her protected speech and an adverse action, a plaintiff must plausibly allege that the protected speech was a substantial motivating factor in the

4

adverse action." *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013). Plaintiffs fail to allege that President Tripathi knew that Plaintiffs were filming police activity or that President Tripathi was even at the protest. Courts have repeatedly dismissed First Amendment retaliation claims where the defendants had no knowledge of the allegedly protected speech. *See Kilduff v. Rochester City School Dist.*, 53 F. Supp. 3d 610, 617 (W.D.N.Y. 2014); *Hafez v. City of Schenectady*, 894 F. Supp. 2d 207, 223 (N.D.N.Y. 2012), *aff'd*, 524 Fed. Appx. 742 (2d Cir. 2013); *Spencer v. Holley Cent. Sch. Dist.*, 734 F. Supp. 2d 316, 321 (W.D.N.Y. 2010).

## POINT III

### THE COURT SHOULD DISMISS THE NEW YORK CONSTITUTIONAL CLAIMS AGAINST THE STATE DEFENDANTS

In Counts 9 and 10, Plaintiffs assert New York constitutional claims against the State Defendants. Compl. ¶¶ 364-384. These claims must be dismissed because they are duplicative of Plaintiffs' Section 1983 claims. In contrast to Section 1983, which creates a private right of action for state officials' violations of the federal Constitution, "[n]o explicit constitutional or statutory authority sanctions a private right of action for violations of the New York State Constitution." *Wahad v. FBI*, 994 F. Supp. 237, 238 (S.D.N.Y. 1998). Following the U.S. Supreme Court's reasoning in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the New York Court of Appeals has recognized a "narrow" implied cause of action where no other remedy is available. *Brown v. State of New York*, 89 N.Y.2d 172, 192 (1996). However, "it is a common view among District Courts in this Circuit that there is no right of action under the New York State Constitution for claims that can be brought under § 1983" *Raymond v. City of New York*, No. 15-cv-6885, 2017 WL 892350, at *8 (S.D.N.Y. Mar. 6, 2017); *see also Forbes v. City of Rochester,* 612 F. Supp. 3d 159, 171 (W.D.N.Y. 2020) ("[W]here a complaint alleges no theories of liability that are cognizable exclusively under the

5

New York State Constitution, any claims brought under the state constitution are ordinarily dismissed.").

Here, Plaintiffs assert violations of sections 8, 9, and 11 of article 1 of the New York Constitution. Courts have consistently dismissed claims brought under each of these sections because they could have been brought under Section 1983. *See Buchanan v. City of New York*, 556 F. Supp. 3d 246, 365 (S.D.N.Y. 2021) (dismissing free speech claim brought under article 1, section 8 of New York Constitution because it could have been brought under Section 1983); *Hamilton v. Martucello*, No. 24-cv-6500, 2025 WL 713032, at *8-9 (W.D.N.Y. Mar. 5, 2025) (dismissing claims alleging violations of the New York State Constitution, article 1, section 9-11 because they could have been brought under Section 1983).

## POINT IV

### THE COURT SHOULD DISMISS THE N.Y. CIV. RIGHTS LAW 40-C CLAIM AGAINST THE STATE DEFENDANTS

In Count 16, Plaintiffs assert that the UBPD Defendants violated N.Y. Civ. Law. § 40-c. Compl. ¶ 433-441. Before bringing a claim premised on a violation of N.Y. Civ. Rights Law 40-c, however, a plaintiff is required to first provide notice to the Attorney General of New York. *See* N.Y. Civ. Rights Law 40-d. Courts have consistently held that notice to the attorney general is an essential prerequisite to actions for violations of section 40-c. *Sundram v. Brookhaven Nat. Labs.*, 424 F. Supp. 2d 545, 571 (E.D.N.Y. 2006); *Shepard v. Frontier Communications Servs., Inc.*, 92 F. Supp. 2d 279, 287 (S.D.N.Y. 2000); *accord Giaimo & Vreeburg v. Smith*, 192 A.D.2d 41, 45-46 (2d Dep't 1993). Plaintiffs have not alleged that they satisfied this requirement.

## POINT V

### THE COURT SHOULD DISMISS THE NEGLIGENCE CLAIM AGAINST THE STATE DEFENDANTS

In Count 14, Plaintiffs allege that the UBPD Defendants are liable under a negligence theory on the basis that they had a "duty of care to conduct their law enforcement activities in a reasonably safe and prudent manner," and "breached this duty through carelessness, recklessness, and negligence in planning and executing the protest response." Compl. ¶¶ 413-14. This is the same conduct for which Plaintiff asserts their excessive force, battery, and false arrest claims. While a plaintiff may plead in the alternative, where, as here, Plaintiffs allege intentional conduct—such as battery or excessive force— "he fails to state negligence." *Strobridge v. City of Elmira*, No. 20-cv-1125S, 2022 WL 597464, at *11 (W.D.N.Y. Feb. 28, 2022); *see also Barnhart v. City of Rochester*, No. 21-cv-6718, 2022 WL 2356631, at *8 (W.D.N.Y. June 30, 2022) (dismissing negligence claim arising out of dispersal of protest in Rochester where plaintiff also asserts claims for battery and use of excessive force).

## POINT VI

### THE COURT SHOULD DISMISS PLAINTIFFS' FOURTEENTH AMENDMENT CLAIM

In Count 7, Plaintiffs assert Fourteenth Amendment substantive due process claims arising from their arrest. Compl. ¶ 316. The Court should dismiss these substantive due process claims. "When a plaintiff brings both Fourth and Fourteenth Amendment claims that arise out of the same conduct by defendants, the two claims may not proceed simultaneously." *Fraser v. City of New York*, No. 20-cv-5741, 2022 WL 3045524, at *2 (E.D.N.Y. Aug. 1, 2022). In these circumstances, courts must "identif[y] the specific constitutional right allegedly infringed by the challenged application of force" and judge the claim by "reference to the specific constitutional standard which governs that right." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Excessive

7

force claims arising out of an arrest or seizure are evaluated under the Fourth Amendment using an 'objective reasonableness' standard." *Fraser*, 2022 WL 3045524, at *2. Where plaintiffs do not allege seizure, courts analyze the use of excessive force under the Fourteenth Amendment's "shocks the conscience" standard, though the Second Circuit has made clear that the standards both require an assessment of objective reasonableness in the excessive force context. *See Edrei v. Maguire*, 892 F.3d 525, 536 (2d Cir. 2018) (clarifying that the Fourteenth Amendment's "conscience shocking" standard is satisfied where the alleged force was objectively unreasonable and done knowingly and that the standard does not require subjective intent).

Here, Plaintiffs allege that they were all arrested during the dispersal of the protest. Compl. ¶¶ 20-29. Accordingly, Plaintiffs excessive force/false arrest claims arising from the State Defendants alleged conduct surrounding their arrest should be evaluated under the Fourth Amendment, and Plaintiffs' Fourteenth Amendment substantive due process claims should be dismissed. *See Mason v. Besse*, No. 20-cv-246, 2020 WL 2523506, at *8 (D. Conn. May 18, 2020) (dismissing Fourteenth Amendment claim as duplicative of the Fourth Amendment search and seizure claim); *McBryde-O'Neal v. Polichetti*, 2025 WL 1042325, at *15 (S.D.N.Y. Jan. 30, 2025) (plaintiff failed to state a claim for violation of the Fourteenth Amendment because "Plaintiff's claim that she was denied equal protection of the law based on Defendants' actions during the search is duplicative of her claims under the Fourth Amendment.").

### POINT VII

**THE COURT SHOULD DISMISS PLAINTIFFS' FOURTEENTH AMENDMENT MALICIOUS PROSECUTION CLAIM**

In Count 18, Plaintiffs assert federal malicious prosecution claims under the Fourth and Fourteenth Amendments. The Court should dismiss the malicious prosecution claims asserted under the Fourteenth Amendment. The Supreme Court has stated that "if a constitutional claim

8

is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process [under the Fourteenth Amendment]." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citations omitted). The Second Circuit has repeatedly held that "the Fourteenth Amendment right to substantive due process will not support a federal claim for malicious prosecution." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 114 (2d Cir. 1995); *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010); *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)); *see also Towner v. Town of Cohocton*, No. 19-cv-6638, 2021 WL 1966799, at *9 (W.D.N.Y. May 17, 2021) ("It appears that the false arrest and malicious prosecution claims are properly raised under the Fourth Amendment, not the Fourteenth Amendment's Due Process clause"). Plaintiffs' Fourteenth Amendment malicious prosecution claims are barred by binding Second Circuit precedent.

## CONCLUSION

For the foregoing reasons, the Court should grant the State Defendants' partial motion to dismiss.

Dated: September 12, 2025
Buffalo, New York

           LETITIA JAMES
           Attorney General of the State of New York
           Attorney for Defendant

           BY: /s/ *Daniel Maguire*
           DANIEL MAGUIRE
           Assistant Attorney General, of Counsel
           Main Place Tower, Suite 300A
           350 Main Street
           Buffalo, NY 14202
           (716) 853-8400
           Daniel.Maguire@ag.ny.gov