UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YOUSEF AHMED, et. al.,

                Plaintiffs,

vs.                              **ATTORNEY DECLARATON**

CITY OF BUFFALO, et. al.,        Case No.: 1:25-CV-00391-JLS

                Defendants.

      STEPHEN M. SORRELS, ESQ., under penalty of perjury and pursuant to 28 U.S.C. § 1746(2), declares the following to be true and correct:

      1.      I am an attorney duly licensed in the State of New York, admitted to practice before this Court, and a member of the law firm HURWITZ FINE, P.C., attorneys for Defendants TOWN OF AMHERST, NEW YORK, ("Amherst"), CAPTAIN KARI MCFAYDEN, CAPTAIN CHARLES PERSONS, LIEUTENANT MATTHEW LOBUGLIO, LIEUTENANT CRAIG PELT, INVESTIGATOR RICHARD WALTER, OFFICER BRETT CHRISTMANN, OFFICER MICHAEL KUBEK, OFFICER PATRICK LUVENDER, OFFICER JOSHUA MILITELLO, and OFFICER DERERK NEUMAN (collectively "the Defendants"). As such, I am fully familiar with the facts and circumstances set forth herein.

      2.      This Declaration, and the accompanying Memorandum of Law are submitted in support of the Defendants' Motion to Dismiss the entirety of the Complaint.

## STATEMENT OF FACTS

      3.      On May 1, 2024, students and community members gathered at the University at Buffalo's North Campus to protest the conflict in Gaza and to call for institutional divestment. (¶¶ 1–5). In the course of the day, demonstrators established an encampment on campus property,

erecting tents and other structures in violation of UB's Picketing and Assembly Policy, which prohibits encampments, limits assemblies to twelve hours in a single day, and prohibits overnight assemblies. (¶¶ 63-72, 90); *see also* **Exhibit 1**. University officials and law enforcement monitored the protest throughout the afternoon and evening.

4. As evening approached, a series of dispersal orders were issued instructing demonstrators to leave the area. (¶¶ 7-8, 83-98). Pursuant to the Complaint, Plaintiffs acknowledge that at least four (4) dispersal orders were provided by officials: 1) around 8:00 p.m. (¶ 83); 2) around 8:15 p.m. (¶85); 3) around 8:22 p.m. (¶ 86); and 4) at 8:23 p.m. (¶ 89). These dispersal orders were provided before and after sunset, which occurred at 8:16 pm. on May 1, 2024. The dispersal orders were accompanied with warnings that failure to comply would result in arrest. (¶ 83). While some demonstrators left the site, some, including these 10 Plaintiffs, refused to disperse, instead remaining seated, linking arms, or engaging in prayer in defiance of the orders. (¶¶ 23, 96, 97, 99, 103, 105, 169, 174, 177, 178, 181, 182, 188, 191, 299).

5. According to the Complaint, after repeated dispersal orders were not followed, officers from various agencies undertook enforcement action, which Plaintiffs characterize as a "coordinated" and "synchronized" response to conduct arrests. (¶¶ 109, 326). Plaintiffs' 108-page Complaint, spanning 466 paragraphs, asserts 19 separate claims arising from the May 1, 2024 protest at the University at Buffalo's North Campus, naming multiple municipalities and dozens of individual officers, including the Amherst defendants. The federal claims, brought under 42 U.S.C. § 1983, allege violations of the First Amendment (free speech, free assembly, free exercise, and retaliation for speech, assembly, and recording), the Fourth Amendment (excessive force, unlawful seizure, and false arrest), and the Fourteenth Amendment (equal protection, due process, and religious discrimination), along with supervisory liability and *Monell* claims against municipal

defendants. (Counts 1-8 and 18). Plaintiffs also assert state-law causes of action, including assault and battery, false arrest, false imprisonment, abuse of process, negligence, negligent hiring and training, and claims under New York Civil Rights Law §§ 40-c and 79-n, as well as malicious prosecution. (Counts 9-17 and 19).

6. On the whole, the Complaint improperly "lumps" the Amherst officers together with an array of other officers spanning across approximately 10 agencies. Such grouping, without articulating individual officers' actions amounts to improper grouping and fails to meet the *Iqbal* standard. Moreover, rather than provide a "short and plain statement" pursuant to Rule 8, Plaintiffs' Complaint spans 108 pages and 466 paragraphs related to a discreet event. Such unnecessarily long Complaint violates Rule 8.

7. The Complaint further fails to state any viable federal constitutional claim under 42 U.S.C. § 1983. On the whole, based on the reasonableness of enforcing the dispersal orders and in the absence of a clearly established right to protest going into the evening, the Defendants are entitled to qualified immunity. Moreover, Plaintiffs' First Amendment claims are deficient because UB's restrictions and the dispersal orders were content-neutral time, place, and manner regulations that did not target protected expression. The Fourth Amendment claims fail because Plaintiffs' own allegations reflect that dispersal orders were issued and ignored, providing probable cause, and at minimum arguable probable cause, for arrests, and there are no specific facts showing that any Amherst officer used objectively unreasonable force. The Fourteenth Amendment claims provide conclusory assertions of equal protection and due process violations unsupported by factual allegations against Amherst defendants, and are duplicative of the Fourth Amendment. The *Monell* and supervisory liability claims are likewise insufficient, relying on contradictory theories

of both failure to train and deliberate suppression while impermissibly grouping municipalities together without particularized allegations.

8. Plaintiffs' state law causes of action are equally deficient. To start, Plaintiffs have not adequately pled compliance with the statutory condition precedent of General Municipal Law § 50-e, which independently bars their state law claims. Their tort claims, including assault and battery, false arrest, false imprisonment, abuse of process, and negligence, are premised on the same conclusory allegations underlying the federal claims and are barred by the existence of probable cause as well as applicable immunities. The negligent hiring and training claims against the Town of Amherst are unsupported by any factual allegations identifying deficient practices or causation. Plaintiffs' claims under New York Civil Rights Law §§ 40-c and 79-n similarly rest on broad and unsupported assertions of discrimination without particularized facts as to Amherst defendants. Taken together, the Complaint's sweeping and inconsistent theories do not satisfy basic pleading standards, and dismissal of the state law claims is warranted.

**WHEREFORE**, Defendants respectfully request this Court issue an Order dismissing the entirety of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such other and further relief as this Court deems just and proper.

DATED:   Buffalo, New York
         September 12, 2025

*Stephen M. Sorrels*
Stephen M. Sorrels, Esq.