UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

YOUSEF AHMED, *et al.*,

       *Plaintiffs,*

v.

CITY OF BUFFALO, et al.,

       *Defendants*.

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS COUNTY OF ERIE, ERIE COUNTY SHERIFF JOHN C.
GARCIA, INDIVIDUALLY, SERGEANT SIMON BIEGASIEWICZ, DEPUTY
RAYMOND DIEBEL, SERGEANT MATTHEW MCCLELLAND, SERGEANT
BRANDON STOTT (I/S/H/A "DEPUTY SCOTT"), LIEUTENANT
CHRISTOPHER SOLURI, DEPUTY SALVATORE VACCARO, AND DEPUTY
JASON WAHL'S MOTION TO DISMISS**

Case No.: 1:25-cv-00391

---

**JEREMY C. TOTH, ESQ.**
*Erie County Attorney*

Amanda M. Somma, Esq.
Assistant County Attorney
95 Franklin Street, Room 1634
Buffalo, New York 14202
Telephone: (716) 858-2254
Email: Amanda.Somma@erie.gov

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................................................... i

PRELIMINARY STATEMENT............................................................................. 1

STANDARD OF REVIEW..................................................................................... 1

ARGUMENT........................................................................................................... 2

    POINT I – Plaintiff Jazmine C. Frazier's state law claims must be dismissed for failure to serve a Notice of Claim in accordance with General Municipal Law §50-e............................................................................................................... 2

    POINT II – Plaintiffs' Complaint must be dismissed with respect to their state law claims for failure to comply with the pleading requirements of General Municipal Law §50-e................................................................................................ 3

    POINT III – Plaintiffs' conclusory allegations are insufficient to sustain a *Monell* claim................................................................................................................ 4

    POINT IV – Plaintiffs' claims for violations of the New York State Constitution must be dismissed............................................................................. 6

    POINT V – Plaintiffs cannot sustain a New York Civil Rights Law Section 40-c claim as Plaintiffs have failed to comply with a condition precedent to bringing suit............................................................................................................. 7

    POINT VI – Plaintiffs' twelfth, sixteenth, seventeenth, and nineteenth causes of action must be dismissed for Plaintiffs' failure to set forth these claims in their Notices of Claim............................................................................................... 8

    POINT VII – The County of Erie does not hire, train, supervise, or retain Erie County Sheriff's Deputies.................................................................................. 9

    POINT VIII – There is no Respondeat Superior liability as between the County of Erie and Erie County Sheriff's Deputies........................................................... 10

    POINT IX – Plaintiffs' substantive due process must be dismissed...................... 11

    POINT X – Plaintiffs cannot maintain a cause of action for negligence/gross negligence.................................................................................................................. 12

    POINT XI – Plaintiffs' claims for negligent hiring, training, and supervision must be dismissed....................................................................................................... 13

POINT XII – Punitive damages are not recoverable against the County of Erie.. 13

CONCLUSION.................................................................................................... 14

**TABLE OF AUTHORITIES**

**Cases**

*20 Dogwood LLC v. Village of Roslyn Harbor*, No. 23-930, 2024 WL 1597642 (2d Cir. Apr. 12, 2024).............................................................................................. 11

*A.T. & T. v. New York City Dep't of Human Res.*, 736 F.Supp. 496 (S.D.N.Y. 1990)........................................................................................................................ 2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................... 1, 4

*Avant v. County of Erie*, No. 20-CV-1689-LJV-HKS, 2024 WL 1856828 (W.D.N.Y. Apr. 29, 2024)............................................................................................ 11

*Batista v. Rodriguez*, 702 F.2d 393 (2d Cir. 1983).................................................. 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................... 1, 2

*Bigio v. Coca-Cola Co.*, 675 F.3d 163 (2d Cir. 2012)............................................. 4

*Biswas v. City of New York*, 973 F. Supp. 2d 504 (S.D.N.Y. 2013)........................ 6

*Brown v. Metro. Transp. Auth.*, 717 F.Supp. 257 (S.D.N.Y. 1989)......................... 2

*Bryant v. Ciminelli*, 267 F. Supp. 3d 467 (W.D.N.Y. 2017).................................... 4

*Busch v. Howard*, No. 1:20-CV-01515, 2021 WL 2946532 (W.D.N.Y. July 14, 2021)........................................................................................................................ 4

*Cardona v. Cmty. Access, Inc.*, No. 11-CV-4129 MKB, 2013 WL 304519 (E.D.N.Y. Jan. 25, 2013)............................................................................................ 7, 8

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).............................................. 5

*Coggins v. County of Nassau*, 254 F.Supp.3d 500 (E.D.N.Y. 2017)....................... 2, 3

*Connick v. Thompson*, 563 U.S. 51 (2011)............................................................. 5, 6

*Cotto v. City of New York*, 803 F. App'x 500 (2d Cir. 2020).................................. 4

*Edrei v. City of New York*, 254 F. Supp. 3d 565 (S.D.N.Y. 2017)........................... 6

*Edwards v. Onondaga Cty.*, 39 Misc. 2d 443 (Sup. Ct., Onondaga Cty. 1963)....... 10

*Ehrens v. Lutheran Church*, 385 F.3d 232 (2d Cir. 2004)....................................... 9

*Ferguson v. Dollar Rent A Car, Inc.*, 102 A.D.3d 600 (1st Dep't 2013)................. 12

*Giamo & Vreeburg v. Smith*, 192 A.D.2d 41 (2d Dep't 1993)................................ 7-8

*Goldstein v. Pataki*, 516 F.3d 50 (2d Cir. 2008)..................................................... 2

*Grantley v. City of New York*, No. 12 CIV. 8294 KBF, 2013 WL 6139688 (S.D.N.Y. Nov. 21, 2013).......................................................................................... 5

*Greene v. City of New York*, 742 Fed. App'x 532 (2d Cir. 2018).......................... 6

*Higgins v. City of Oneonta*, 208 A.D.2d 1067 (3d Dep't 1994)............................. 12

*Hogan v. Cnty. of Lewis, N.Y.*, 929 F. Supp. 2d 130 (N.D.N.Y. 2013)................... 7

*Hu v. City of New York*, 927 F.3d 91 (2d Cir. 2019)............................................... 11

*Jeffes v. Barnes*, 208 F.3d 49 (2d Cir. 2000)........................................................... 10

*Karam v. Cnty. of Rensselaer*, No. 113CV01018MADDJS, 2016 WL 3029951 (N.D.N.Y. May 25, 2016)........................................................................................... 7

*Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991)..................................... 1

*Leftenant v. City of New York*, 70 A.D.3d 596 (1st Dep't 2010)............................. 13

*McLennon v. City of New York*, 171 F. Supp. 3d 69 (E.D.N.Y. 2016).................... 6

*Misek-Falkoff v. Metro. Transit Auth.*, 44 A.D.3d 629 (2d Dep't 2007)................. 8

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)............... 4-6

*Mosier v. State Univ. of New York*, No. 18CV6539SJFAKT, 2020 WL 42830 (E.D.N.Y. Jan. 2, 2020)................................................................................................. 7

*New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101 (2d Cir. 2006)................................................................................................................................. 14

*O'Brien v. City of Syracuse*, 54 N.Y.2d 353 (1981).................................................. 2, 3

*Owen v. State*, 160 A.D.3d 1410 (4th Dep't 2018)..................................................... 13

*Prasad v. Cornell Univ.*, No. 5:15-CV-322, 2016 WL 3212079 (N.D.N.Y. Feb. 24, 2016)............................................................................................................................. 7

*Reck v. Onondaga Cty.*, 51 Misc. 2d 259 (Sup. Ct., Onondaga Cty. 1966).............. 9-10

*Rivero v. City of New York*, 290 N.Y. 204, 208 (1943)............................................. 3

*Rodriguez v. City of New York*, 607 F.Supp.3d 285 (E.D.N.Y. 2022)...................... 6

*Rowe v. Nassau Health Care Corp.*, 57 A.D.3d 961(2d Dep't 2008)........................ 8

*Ruotolo v. City of New York,* 514 F.3d 184 (2d Cir. 2008)........................................ 1

*Saleh v. Savage*, No. 12-CV-0468S, 2015 WL 1608839 (W.D.N.Y. Apr. 10, 2015)............................................................................................................................. 11

*Santoro v. Town of Smithtown*, 40 A.D.3d 736 (2d Dep't 2007)............................. 12

*Southerland v. City of New York*, 680 F.3d 127 (2d Cir. 2012)............................... 12

*Stalteri v. Monroe Cnty.*, 107 A.D.2d 1071 (1985).................................................... 12

*Sullivan v. City of New York*, No. 17 CIV. 3779 (KPF), 2018 WL 3368706 (S.D.N.Y. July 10, 2018).............................................................................................. 12

*Toure v. Air France*, No. 2:21-CV-1645 (GRB) (ST), 2022 WL 4079592 (E.D.N.Y. Sept. 6, 2022).............................................................................................. 13

*Velez v. Levy*, 401 F.3d 75 (2d Cir. 2005)................................................................ 12

*Villar v. County of Erie*, 126 A.D.3d 1295, 1296-97 (4th Dep't 2015)........................................................................................................................... 11

*Wierzbic v. County of Erie*, No. 13-CV-978S, 2018 WL 550521 (W.D.N.Y. Jan. 25, 2018)..................................................................................................................... 11, 14

*Worrell v. City of N.Y.*, No. 12-CV-6151 MKB, 2014 WL 1224257 (E.D.N.Y. Mar. 24, 2014).............................................................................................................. 5

*Wray v. City of N.Y.*, 490 F.3d 189 (2d Cir. 2007).................................................... 4

*Wright v. Orleans Cnty.*, No. 14-CV-00622A F, 2015 WL 5316410 (W.D.N.Y. Sept. 10, 2015)............................................................................................................. 9

*Zahra v. Town of Southold*, 48 F.3d 674 (2d Cir. 1995)........................................... 4

**PRELIMINARY STATEMENT**

Defendants County of Erie, Erie County Sheriff John C. Garcia, individually, Sergeant Simon Biegasiewicz, Deputy Raymond Diebel, Sergeant Matthew McClelland, Sergeant Brandon Stott (i/s/h/a "Deputy Scott"), Lieutenant Christopher Soluri, Deputy Salvatore Vaccaro, and Deputy Jason Wahl (collectively, the "County Defendants") respectfully submit this Memorandum of Law in support of their motion to dismiss certain claims brought by the Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(6). Applying the standards of review and applicable rules of Federal Civil Procedure, it is respectfully submitted that the County Defendants' motion be granted for the reasons set forth herein.

**STANDARD OF REVIEW**

"In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir. 1991). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (internal quotations and citation omitted). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

1

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (alteration in original; internal quotations and citation omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki,* 516 F.3d 50, 56 (2d Cir. 2008)(internal quotations and citations omitted).

## ARGUMENT

### POINT I

**PLAINTIFF JAZMINE C. FRAZIER'S STATE LAW CLAIMS MUST BE DISMISSED FOR FAILURE TO SERVE A NOTICE OF CLAIM IN ACCORDANCE WITH GENERAL MUNICIPAL LAW §50-e**

It is well-settled New York law that "[a] notice of claim is a condition precedent to bringing a tort claim against a municipality." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358 (1981) (*citing* N.Y. Gen. Mun. Law § 50-e(1)(a)). Notice of claim requirements "are construed strictly by New York state courts," *A.T. & T. v. New York City Dep't of Human Res.*, 736 F.Supp. 496, 499 (S.D.N.Y. 1990), and "[f]ailure to comply with these requirements may result in a dismissal for failure to state a cause of action." *Brown v. Metro. Transp. Auth.*, 717 F.Supp. 257, 259 (S.D.N.Y. 1989). Section 50-e requires that a notice of claim be filed within ninety days of the incident giving rise to the claim. *Coggins v. County of Nassau*, 254 F.Supp.3d 500, 522 (E.D.N.Y. 2017).

Here, Plaintiff Jazmine C. Frazier never served a Notice of Claim on the County

2

Defendants. As Plaintiff failed to comply with the mandates of §50-e, she has failed to satisfy a condition precedent to bringing her state law claims, requiring dismissal of these claims. *O'Brien*, 54 N.Y.2d at 358. Therefore, Plaintiff Jazmine C. Frazier's ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and nineteenth causes of action should be dismissed.

<u>**POINT II**</u>

**PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED FOR FAILURE TO COMPLY WITH THE PLEADING REQUIREMENTS OF GENERAL MUNICIPAL LAW §50-e**

Pursuant to N.Y. Gen. Mun. Law §50-i, a plaintiff must plead that: (1) a notice of claim was served; (2) at least thirty days elapsed since the notice of claim was filed and before the complaint was filed; and (3) in that time, the defendant neglected to or refused to adjust or satisfy the claim *Coggins*, 254 F.Supp.3d at 522. (*citing* N.Y. Gen. Mun. Law § 50–i(1)). The test of the notice's sufficiency is whether it includes information sufficient to enable the municipality to investigate the claim. *O'Brien*, 54 N.Y.2d at 358; *Rivero v. City of New York*, 290 N.Y. 204, 208 (1943).

Here, Plaintiffs do not plead any of the required attestations set forth in General Municipal Law §50-i. As Plaintiffs failed to satisfy the requirements set forth in §50-i, they have failed to satisfy a condition precedent to bringing this action. *O'Brien*, 54 N.Y.2d at 358. Plaintiffs' Complaint with respect to their state law claims, i.e., the ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and nineteenth causes of action, must therefore be dismissed.

## POINT III

### PLAINTIFFS' CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO MAINTAIN A MONELL CLAIM

Under *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 556 U.S. at 678 (internal quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id. See also Bigio v. Coca-Cola Co.*, 675 F.3d 163 (2d Cir. 2012).

In support of *Monell* claim, a plaintiff must plead: "(l) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of N.Y.,* 490 F.3d 189, 195 (2d Cir. 2007). "The mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Cotto v. City of New York,* 803 F. App'x 500, 503 (2d Cir. 2020) (alteration and quotation marks omitted) (quoting *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995). For this reason, "boilerplate language echoing the requirements contained in *Monell* will not suffice." *Busch v. Howard*, No. 1:20-CV-01515, 2021 WL 2946532 at *8 (W.D.N.Y. July 14, 2021) (*citing Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir. 1983) (internal quotations omitted). *See also Bryant v. Ciminelli*, 267 F. Supp. 3d 467, 473 (W.D.N.Y. 2017).

Here, most of Plaintiffs' *Monell* claim contained in their eighth cause of action pertains solely to the City of Buffalo and the University at Buffalo Police. To the extent that Plaintiffs allege a *Monell* claim against the County of Erie, their Complaint rests entirely on conclusory allegations, requiring dismissal of this claim. The Complaint includes no allegations of other incidents which could point to a policy or custom of

deliberate indifference by the County of Erie. Plaintiffs' claim that the County of Erie, along with some of the other named Defendants, are parties to a "Mutual Aid Agreement" contains only conclusory and speculative allegations and lacks the specificity to maintain a *Monell* claim.

Plaintiffs allege only a single incident of alleged unconstitutional activity by the County of Erie which is insufficient to establish *Monell* liability. *See Grantley v. City of New York*, No. 12 CIV. 8294 KBF, 2013 WL 6139688 at *3 (S.D.N.Y. Nov. 21, 2013); *Worrell v. City of N.Y.*, No. 12-CV-6151 MKB, 2014 WL 1224257 at *12-13 (E.D.N.Y. Mar. 24, 2014). The Complaint includes no allegations of other incidents which could point to a policy or custom of deliberate indifference by the County of Erie. Plaintiffs' allegation that Defendants have "histories of aggressive protest policing and have condoned or ratified excessive force in crowd contexts" wholly fails to meet this standard.

To the extent that Plaintiffs base their *Monell* claim on an alleged failure to supervise, train, and/or reprimand, the Complaint likewise fails to state a claim under *Monell*. "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of §1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). The Supreme Court has identified a failure to train, supervise and/or discipline claim as the "most tenuous" to establish *Monell* liability. *See Id*. Such a claim requires a showing that the alleged failures amounted to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Id*. (*citing City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

5

"[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61 (internal quotations and citation omitted). "A plaintiff alleging a municipality's deliberate indifference on a failure to supervise theory must cite violations that occurred before the conduct at issue took place." *Rodriguez v. City of New York*, 607 F.Supp.3d 285, 300-01 (E.D.N.Y. 2022) (*citing Greene v. City of New York*, 742 Fed. App'x 532, 537 (2d Cir. 2018). *See also McLennon v. City of New York*, 171 F. Supp. 3d 69, 99 (E.D.N.Y. 2016).

Here, Plaintiffs' Complaint includes no allegations of other incidents which could point to a policy or custom of deliberate indifference by the County of Erie. Once again, Plaintiffs' claim that "some of the Defendant agencies . . . have histories of aggressive protest policing and have condoned or ratified excessive force in crowd contexts" falls woefully short of this standard. As a result, Plaintiffs' *Monell* claim, insofar as it is premised on a negligent supervision, training, discipline and/or hiring theory, fails, and their *Monell* cause of action should be dismissed.

## POINT IV

### PLAINTIFFS' CLAIMS FOR VIOLATIONS OF THE NEW YORK STATE CONSTITUTION MUST BE DISMISSED

Plaintiffs' ninth and tenth causes of action for violations of the New York Constitution, Article I, Sections 8, 9, and 11 must be dismissed as these claims are "available only when there is no alternative remedy, such as actions at common law or under Section 1983." *Edrei v. City of New York*, 254 F. Supp. 3d 565 (S.D.N.Y. 2017), aff'd sub nom. *Edrei v. Maguire*, 892 F.3d 525 (2d Cir. 2018). *See also Biswas v. City of New York*, 973 F. Supp. 2d 504 (S.D.N.Y. 2013).

Here, Plaintiffs' Complaint contains causes of action under §1983 claim based on the same grounds asserted in their cause of action for violations of the New York State Constitution. Therefore, Plaintiffs' ninth and tenth causes of action must be dismissed as Plaintiffs have alternative remedies to bring these claims.

### POINT V

### PLAINTIFFS CANNOT SUSTAIN A NEW YORK CIVIL RIGHTS LAW SECTION 40-C CLAIM AS PLAINTIFFS HAVE FAILED TO COMPLY WITH A CONDITION PRECEDENT TO BRINGING SUIT

Plaintiffs' sixteenth cause of action for violation of New York Civil Rights Law §40-c must be dismissed as, upon information and belief, Plaintiffs have failed to comply with the statutory requirements of notice prior to bringing a §40-c claim. Even if Plaintiffs complied with said requirements, they have failed to plead such compliance, which is also fatal to their cause of action.

New York Civil Rights Law §40-d requires that notice be served upon the Attorney General "at or before the commencement of [the] action." Courts have consistently held that failure to comply with §40-d mandates dismissal of a §40-c claim. *Mosier v. State Univ. of New York*, No. 18CV6539SJFAKT, 2020 WL 42830 at * 12 (E.D.N.Y. Jan. 2, 2020); *Karam v. Cnty. of Rensselaer*, No. 113CV01018MADDJS, 2016 WL 3029951 at *5 (N.D.N.Y. May 25, 2016); *Hogan v. Cnty. of Lewis, N.Y.*, 929 F. Supp. 2d 130, 152 (N.D.N.Y. 2013), on reconsideration in part, No. 7:11-CV-0754 LEK/ATB, 2014 WL 118964 (N.D.N.Y. Jan. 10, 2014); *Cardona v. Cmty. Access, Inc.*, No. 11-CV-4129 MKB, 2013 WL 304519 at *10 (E.D.N.Y. Jan. 25, 2013).

Courts have also held that the failure to plead compliance with §40-d mandates dismissal of a §40-c claim. *Prasad v. Cornell Univ.*, No. 5:15-CV-322, 2016 WL

3212079 at *24 (N.D.N.Y. Feb. 24, 2016); *Giamo & Vreeburg v. Smith*, 192 A.D.2d 41, 45-46 (2d Dep't 1993); *Cardona v. Cmty. Access, Inc.*, No. 11-CV-4129 MKB, 2013 WL 304519 at *10 (E.D.N.Y. Jan. 25, 2013)

Here, to the County Defendants' knowledge, Plaintiffs did not serve notice of this claim on the Attorney General in compliance with §40-d[1]. Plaintiffs further fail to plead compliance with the statute. It is therefore respectfully requested that this Court dismiss Plaintiffs' sixteenth cause of action for violation of New York Civil Rights Law §40-c.

### POINT VI

### PLAINTIFFS' TWELFTH, SIXTEENTH, SEVENTEENTH, AND NINETEENTH CAUSES OF ACTION MUST BE DISMISSED FOR PLAINTIFFS' FAILURE TO SET FORTH THESE CLAIMS IN THEIR NOTICES OF CLAIM

General Municipal Law §50-e provides that no action may be maintained against a municipality unless a notice of claim has been served on the municipality setting forth "the nature of the claim." General Municipal Law §50-e(2). "The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed." *Rowe v. Nassau Health Care Corp.*, 57 A.D.3d 961, 963 (2d Dep't 2008). A plaintiff who fails to comply with the conditions precedent set forth in General Municipal Law §50-e and §50-i is generally precluded from commencing an action against a municipality. *Misek-Falkoff v. Metro. Transit Auth.*, 44 A.D.3d 629, 629 (2d Dep't 2007).

Plaintiffs served a Notice of Claim on the County Defendants on or about July 30, 2024. *See* Exhibit A. Plaintiffs did not assert false arrest, violations of New York Civil Rights Law §§40-c or 79-n, or malicious prosecution claims in their Notices of Claim.

---

[1] This proposition is further supported by a motion brought by the New York Attorney General's office in Plaintiffs' action in the New York Court of Claims filed under Claim Number 143674 seeking to dismiss the New York Civil Rights Law Causes of action on the same grounds.

Accordingly, Plaintiffs' Complaint with respect to these claims fails to comply with General Municipal Law §50-e, requiring dismissal of the twelfth, sixteenth, seventeenth, and nineteenth causes of action.

## POINT VII

### THE COUNTY OF ERIE AS THE COUNTY OF ERIE DOES NOT HIRE, TRAIN, SUPERVISE, OR RETAIN ERIE COUNTY SHERIFF'S DEPUTIES

A claim for negligent hiring, retention and supervision "requires a plaintiff to show: [among other things] that the tort-feasor and the defendant were in an employee-employer relationship." *Wright v. Orleans Cnty.*, No. 14-CV-00622A F, 2015 WL 5316410 at *15 (W.D.N.Y. Sept. 10, 2015), *report and recommendation adopted*, No. 14-CV-622A, 2015 WL 13660397 (W.D.N.Y. Oct. 27, 2015) (internal citations and quotations omitted). *See also Ehrens v. Lutheran Church,* 385 F.3d 232, 235 (2d Cir. 2004). The County does not employ the Sheriff, who is an elected official or his deputies and therefore the Plaintiffs cannot establish the first necessary element of their fifteenth cause of action.

As a matter of law, the Erie County Sheriff employs the Deputies who work at the Erie County Holding Center and the Erie County Correctional Facility. Statutorily, the Sheriff is charged with receiving and keeping each person lawfully committed to his custody. Correction Law §500-c. In order to discharge this duty, "the Sheriff may appoint as many regular deputy sheriffs as he may deem proper." County Law §652(2).

Moreover, the statute specifically provides that those "appointees *shall serve during his pleasure.*" County Law §652(2) (emphasis added). Thus, by statute, the County of Erie is not and cannot be responsible for the hiring of Sheriff's Deputies; that responsibility belongs entirely to the Sheriff. *Reck v. Onondaga Cty.*, 51 Misc. 2d 259,

9

261 (Sup. Ct., Onondaga Cty. 1966) (holding that the Sheriff is an "independent agent" and employs subordinates personally). It is well established that the "custody, treatment, care and control of all prisoners are in the Sheriff and no other person or persons in the County government." *Edwards v. Onondaga Cty.*, 39 Misc. 2d 443, 445 (Sup. Ct., Onondaga Cty. 1963).

The County of Erie has no role in the supervision or training of deputies. In addition to a Sheriff's clearly defined responsibility to hire and retain his Deputies, the Sheriff is the policymaker for the department and its employees. *See generally, Jeffes v. Barnes*, 208 F.3d 49, 58-61 (2d Cir. 2000) (applying New York law and discussing the sheriff's authority vis-a-vis county government before concluding that sheriff was the "final policymaking official" regarding staff member conduct). As supervision and training are matters of policy, they are within the exclusive domain of the Sheriff, not the County. The law is clear that the sole responsibility for hiring, training, retaining and supervising Sheriff's Deputies rests with the Erie County Sheriff. The County of Erie does not employ Sheriff's Deputies, and the County has no practical or legal capacity to hire, retain, supervise, or train Erie County Sheriff's Deputies. As such, this claim must be dismissed with prejudice.

## POINT VIII

**THERE IS NO RESPONDEAT SUPERIOR LIABILITY AS BETWEEN THE COUNTY OF ERIE AND ERIE COUNTY SHERIFF'S DEPUTIES**

Plaintiffs' ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and sixteenth causes of action must be dismissed to the extent that they assert respondeat superior claims against the County of Erie for actions of the Sheriff or the Sheriff's Deputies. "It is well established in New York State that a county cannot be held liable under the

doctrine of respondeat superior for the actions of its sheriff or sheriff's deputies unless the county establishes a local law that expressly assumes liability for the acts of its sheriff and deputies." *Avant v. County of Erie*, No. 20-CV-1689-LJV-HKS, 2024 WL 1856828 at *6 (W.D.N.Y. Apr. 29, 2024), *appeal withdrawn*, No. 24-1501, 2024 WL 4019488 (2d Cir. Aug. 22, 2024), *citing Saleh v. Savage*, No. 12-CV-0468S, 2015 WL 1608839 at *7 (W.D.N.Y. Apr. 10, 2015) (internal quotations omitted). *See also Wierzbic v. Cnty. of Erie*, No. 13-CV-978S, 2018 WL 550521 at *10 (W.D.N.Y. Jan. 25, 2018); *Villar v. County of Erie*, 126 A.D.3d 1295, 1296-97 (4th Dep't 2015).

Here, the County of Erie has never passed a local law assuming responsibility for the negligent actions of the Sheriff or his employees. *See generally, Wierzbic*, *Avant*, *supra*. Since Plaintiffs' ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and sixteenth causes of action assert vicarious liability against Defendant County of Erie for the alleged acts of other named Defendants, or Erie County Sheriff's Department personnel, these claims must be dismissed as against the County of Erie.

## POINT IX

**PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIM MUST BE DISMISSED**

Plaintiffs' seventh cause of action must also be dismissed insofar as it asserts a substantive due process claim. The Second Circuit has held that "the scope of substantive Due Process [has been narrowed] to claims that are not covered by other provisions of the Constitution." *20 Dogwood LLC v. Village of Roslyn Harbor*, No. 23-930, 2024 WL 1597642 at *1 (2d Cir. Apr. 12, 2024), *citing Hu v. City of New York*, 927 F.3d 91, 103 (2d Cir. 2019). "Where another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under

11

that explicit provision and not the more generalized notion of substantive due process." *Southerland v. City of New York*, 680 F.3d 127, 142-143 (2d Cir. 2012). Accordingly, "where a specific constitutional provision prohibits government action, plaintiffs seeking redress for that prohibited conduct in a §1983 suit cannot make reference to the broad notion of substantive due process." *Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005).

Here, Plaintiffs' Substantive Due Process claim is based on the same allegations contained in their other Section 1983 claims. As Plaintiffs' Substantive Due Process cause of action is encompassed by claims brought under other provisions of the Constitution, their seventh cause of action insofar as it asserts a Substantive Due Process claim must be dismissed.

### POINT X

### PLAINTIFFS CANNOT MAINTAIN A CAUSE OF ACTION FOR NEGLIGENCE/GROSS NEGLIGENCE

Plaintiffs' fourteenth cause of action for negligence/gross negligence must be dismissed. "[A] party seeking damages for an injury resulting from a wrongful arrest and detention is relegated to the traditional remedies of false arrest and imprisonment." *Higgins v. City of Oneonta*, 208 A.D.2d 1067, 1069 (3d Dep't 1994). *See also Santoro v. Town of Smithtown*, 40 A.D.3d 736, 738 (2d Dep't 2007); *Stalteri v. Monroe Cnty.*, 107 A.D.2d 1071, 1071 (4th Dep't 1985); *Ferguson v. Dollar Rent A Car, Inc.*, 102 A.D.3d 600, 601 (1st Dep't 2013).

"New York courts have long held that, where a plaintiff brings false-arrest and false-imprisonment claims, she cannot also recover under broad principles of negligence." *Sullivan v. City of New York*, No. 17 CIV. 3779 (KPF), 2018 WL 3368706

at *18 (S.D.N.Y. July 10, 2018). *See also Toure v. Air France*, No. 2:21-CV-1645 (GRB) (ST), 2022 WL 4079592 at *3 (E.D.N.Y. Sept. 6, 2022).

Here, Plaintiffs' Complaint seeks damages for alleged injuries sustained during their arrests. The Complaint alleges a false arrest claim, in addition to negligence and gross negligence claims. Plaintiffs' fourteenth claim for negligence and gross negligence must be dismissed as Plaintiffs must instead proceed under their false arrest claim.

### POINT XI

### PLAINTIFFS' CLAIM FOR NEGLIGENT HIRING, TRAINING, AND SUPERVISION MUST BE DISMISSED

Plaintiffs' fifteenth cause of action for negligent hiring, training, and supervision must be dismissed, as these claims "[do] not lie where . . . the employee is acting within the scope of his or her employment." *Owen v. State*, 160 A.D.3d 1410, 1412 (4th Dep't 2018). *See also Leftenant v. City of New York*, 70 A.D.3d 596 (1st Dep't 2010). Here, Plaintiffs affirmatively allege throughout their Complaint that the County Defendants were acting within the scope of their employment during the events that are alleged to have occurred in the Complaint, barring Plaintiffs' claim for negligent, hiring, training and supervision. (*See* **Exhibit A**, ¶¶45, 219, 409, 435, 444). Therefore, this claim must be dismissed.

### POINT XII

### PUNITIVE DAMAGES ARE NOT RECOVERABLE AGAINST THE COUNTY OF ERIE

To the extent that Plaintiffs assert punitive damages claims under counts nine, eleven, twelve, thirteen, fourteen, sixteen, and seventeen of the Complaint against the County of Erie, these claims must fail. Under New York law, punitive damages are not

recoverable from a municipality. *See Wierzbic v. County of Erie*, No. 13-CV-978S, 2018 WL 55052 at *11 (W.D.N.Y. Jan. 25, 2018), *New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 122 (2d Cir. 2006). Therefore, any and all punitive damages claims asserted in the Complaint against the County of Erie must be dismissed with prejudice, as against the Defendant County of Erie.

## **CONCLUSION**

The County Defendants respectfully request that this Court grant these Defendants' motion, dismissing portions of Plaintiffs' Complaint with prejudice, and for such other and further relief that to this Court may seem necessary, just, and proper.

Dated:	September 12, 2025
	Buffalo, New York

			**JEREMY C. TOTH, ESQ.**
			*Erie County Attorney*

			*s/ Amanda M. Somma*
			Assistant County Attorney
			95 Franklin Street, Room 1634
			Buffalo, New York 14202
			Telephone: (716) 858-2254
			E-Mail: Amanda.Somma@erie.gov