UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YOSEF AHMED *et al.*,

Plaintiff,

vs.

CITY OF BUFFALO, *et al.*,

Defendants.

No.: 1:25-CV-00391

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CITY OF BUFFALO, LIEUTENANT KARL B. SCHULTZ, POLICE OFFICER QUINCY ALEXANDER, POLICE OFFICER RONALD AMMERMAN, POLICE OFFICER CHRISTOPHER BAUER, POLICE OFFICER DANIEL CANDELARIO, POLICE OFFICER JONATHON CRAWFORD, POLICE OFFICER ANDREW DALGLEISH, POLICE OFFICER ZACHARY DRESSLER, POLICE OFFICER SEAN FORD, POLICE OFFICER CONNOR FRASCATORE, POLICE OFFICER TERRIS GARNER, POLICE OFFICER JOHN GRAVIUS, POLICE OFFICER TYLER HAYDEN, POLICE OFFICER ERIC HOFSCHNEIDER, POLICE OFFICER DAVID KIMMINS, POLICE OFFICER PATRICK KINSELLA, POLICE OFFICER MICHAEL MARITATO, POLICE OFFICER FRANK MENZA, POLICE OFFICER MICHAEL PALIZAY, POLICE OFFICER JONATHON PIETRZAK, POLICE OFFICER MATTHEW SERAFINI, POLICE OFFICER ALARIC SANTIAGO, POLICE OFFICER STEPHEN SCHULZ, AND POLICE OFFICER KRIS TIMASULA'S MOTION TO DISMISS**

Robert E. Quinn, Esq.
Corporation Counsel
*Attorneys for Defendants*

By: Anthony C. Duddy, Esq.
Assistant Corporation Counsel
1100 City Hall: 65 Niagara Square
Buffalo, New York 14202
Tel.: (716) 851-4203
Fax.: (716) 851-4105
E-mail: aduddy@buffalony.gov

# TABLE OF CONTENTS

Preliminary statement. ...........................…………………………………………………….Pg. 03

Standard of Review. ..................................................................................................................Pg. 04

Argument. ..................................................................................................................................Pg. 05

    I.    Plaintiffs' state law claims must be dismissed for failure to comply with a condition precedent pursuant to General Municipal Law § 50-e. ................................................Pg. 05

    II.    Plaintiffs' twelfth, sixteenth, seventeenth, and nineteenth causes of action must be dismissed for plaintiffs' failure to set forth these claims in their notices of claim. ...............................................................................................................................Pg. 07

    III.    Plaintiff Jazmine C. Frazier's Claims must be dismissed in their entirety as Jazmine C. Frazier never served a Notice of Claim on the City of Buffalo. ..................................Pg. 09

    IV.    Plaintiffs' Causes of Action for violations of the New York State Constitution must be dismissed. ...................................................................................................................Pg. 09

    V.    Plaintiff's New York Civil Rights Law §40-c claim must be dismissed as plaintiffs have failed to comply with a condition precedent to bringing suit. ...............................................................................................................................Pg. 10

    VI.    Plaintiff's Eighth Cause of Action sounding in 42 USC § 1983 Monell must be dismissed as Plaintiff fails to assert sufficient factual allegations to establish a policy or custom. ...............................................................................................................................Pg. 12

    VII.    Plaintiffs' Seventh Cause of Action sounding in substantive due process must be dismissed. ...................................................................................................................Pg. 16

    VIII.    Plaintiffs' Fourteenth cause of action cannot maintain a cause of action for negligence/gross negligence. ...........................................................................................................Pg. 17

    IX.    Plaintiff's Fifteenth cause of action claim for negligent hiring, training, and supervision must be dismissed. .......................................................................................................Pg. 18

    X.    Plaintiffs' Cause of Action seeking Punitive Damages must be dismissed. .................Pg. 19

Conclusion. ................................................................................................................................Pg. 20

**PRELIMINARY STATEMENT**

Defendants CITY OF BUFFALO, LIEUTENANT KARL B. SCHULTZ, POLICE OFFICER QUINCY ALEXANDER, POLICE OFFICER RONALD AMMERMAN, POLICE OFFICER CHRISTOPHER BAUER, POLICE OFFICER DANIEL CANDELARIO, POLIRCE OFFICER JONATHON CRAWFORD, POLICE OFFICER ANDREW DALGLEISH, POLICE OFFICER ZACHARY DRESSLER, POLICE OFFICER SEAN FORD, POLICE OFFICER CONNOR FRASCATORE, POLICE OFFICER TERRIS GARNER, POLICE OFFICER JOHN GRAVIUS, POLICE OFFICER TYLER HAYDEN, POLICE OFFICER ERIC HOFSCHNEIDER, POLICE OFFICER DAVID KIMMINS, POLICE OFFICER PATRICK KINSELLA, POLICE OFFICER MICHAEL MARITATO, POLICE OFFICER FRANK MENZA, POLICE OFFICER MICHAEL PALIZAY, POLICE OFFICER JONATHON PIETRZAK, POLICE OFFICER MATTHEW SERAFINI, POLICE OFFICER ALARIC SANTIAGO, POLICE OFFICER STEPHEN SCHULZ, AND POLICE OFFICER KRIS TIMASULA, (collectively hereinafter "Defendants"), respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Summons and Complaint, (Dkt. 1), pursuant to Fed. R. Civ. P. 12(b)(6).

The Defendants respectfully refer the Court to the Attorney Declaration of Anthony C. Duddy, Esq., sworn to on October 17, 2025, with all exhibits attached thereto.

## **FED R. CIV. P. 12(b)(6) JUDGMENT STANDARD**

"To survive a motion to dismiss, Plaintiffs' complaint must meet the Iqbal-Twombly pleading standard and 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" (Ashcroft v. Iqbal, 556 U.S. 662, 678 [2009], quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 [2007]).

The Supreme Court, in Iqbal, (supra at 678), stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Twombly, supra at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Ibid). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (Id., at 557).

"In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." (Kramer v. Time Warner, Inc., 937 F.2d 767, 773 [2d Cir. 1991]). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." (Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).

In Twombly, (supra at 555–56), the Supreme Court stated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions," thus "a formulaic recitation of the elements of a cause of action will not do." (See Papasan v. Allain, 478 U.S. 265, 286 [1986] [on a motion to dismiss, courts "are not

bound to accept as true a legal conclusion couched as a factual allegation"]). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." (Goldstein v. Pataki, 516 F.3d 50, 56 [2d Cir. 2008]).

"Factual allegations must be enough to raise a right to relief above the speculative level," (See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 [3d ed.2004] ["The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"]), "on the assumption that all the allegations in the complaint are true". (See, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 [2002]; Neitzke v. Williams, 490 U.S. 319, 327 [1989]; Scheuer v. Rhodes, 416 U.S. 232, 236 [1974]).

## ARGUMENT

I. **Plaintiffs' state law claims must be dismissed for failure to comply with a condition precedent pursuant to General Municipal Law § 50-e.**

As the Southern District stated in Russell v. Westchester Cmty. Coll., (No. 16-CV-1712 (KMK), 2017 WL 4326545, at *5 [S.D.N.Y. 2017]), "State claims brought under state law in federal court are subject to state procedural rules." (Henneberger v. County of Nassau, 465 F. Supp. 2d 176, 197 [E.D.N.Y. 2006], citing Felder v. Casey, 487 U.S. 131, 141 [1988]).

In general, as a condition precedent to bringing a claim against a municipality, a plaintiff must file a notice of claim within 90 days after her claim accrues. (See N.Y. Gen. Mun. Law § 50-e(1)(a) ["In any case ... where a notice of claim is required by law as a condition precedent to the commencement of an action ... against a public corporation, ... or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within [90] days after the claim arises...."]; see also Cavanaugh v. Bd. of Educ. of Huntington Union Free Sch. Dist., 745 N.Y.S.2d 433, 434 [App. Div. 2002] ["Where, as here, a plaintiff seeks private relief for

employment discrimination in violation of the Executive Law, the timely filing of a notice of claim is a condition precedent to suit."]).

In <u>Bank of New York Mellon Trust Co., N.A. v. Morgan Stanley Mortg. Capital, Inc</u>., (821 F.3d 297 [2016]), the Second Circuit stated that "[a] condition precedent is "an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises." (<u>Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co</u>., 86 N.Y.2d 685, 690 [1995]). The Court stated that "[w]hile specific, talismanic words are not required, the law nevertheless demands that conditions precedent be 'expressed in unmistakable language.'" (<u>Id</u>., at 691, quoting Restatement (Second) of Contracts § 229, cmt. a, at 185).

The Second Circuit, in <u>Hardy v. New York City Health & Hosp. Corp</u>., 164 F.3d 789, 793 (2d Cir. 1999), stated that "New York's law requires a plaintiff to plead in the complaint that: (1) the plaintiff has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed (and before the complaint was filed); and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." (See N.Y. Gen. Mun. Law § 50–i (McKinney's 1986); N.Y. Unconsol. Law § 7401 [McKinney's 1979 & Supp.1998]; <u>Davidson v. Bronx Mun. Hosp</u>., 64 N.Y.2d 59, 61–62, [1984]).

These "Notice of claim requirements "are construed strictly by New York state courts." (<u>Am. Tel. & Tel. Co. v. New York City Dep't of Hum. Res.</u>, 736 F. Supp. 496, 499 [S.D.N.Y. 1990], citing <u>Murray v. LeRoy Cent. Sch. Dist</u>., 67 N.Y.2d 775, 775 [1986]). Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action. (See <u>Brown v. Metropolitan Transport. Auth</u>., 717 F.Supp. 257, 259 [S.D.N.Y. 1989]; <u>Davidson</u>, supra at 62).

In <u>Horvath v. Daniel</u>, (423 F. Supp. 2d 421, 423 [S.D.N.Y. 2006]), the Southern District of New York stated that "[t]he burden is on the plaintiff to demonstrate compliance with the Notice

of Claim requirement." (Rattner v. Planning Comm'n of Vill. of Pleasantville, 156 A.D.2d 521 [2d Dept. 1989]. Thus, in order "[t]o survive a motion to dismiss, a plaintiff must affirmatively plead that a notice of claim was filed." (Naples v. Stefanelli, 972 F.Supp. 2d 373, 390 [E.D.N.Y. 2013]).

"In sum, under New York law, if § 50–e has not been satisfied (and the defendant has not waived its right to a notice of claim), no damages are available." (Hardy, supra at 793–94). Here, at no point in their Summons or Complaint, do Plaintiffs affirmatively plead any of the required attestations set forth in General Municipal Law §50-i.

As the "[f]ailure to meet these conditions precedent are fatal to any tort claim as a matter of law", (Oshinsky v. New York City Hous. Auth., No. 98 Civ. 5467(AGS), 2000 WL 218395, at *14 n. 5 [S.D.N.Y. Feb.23, 2000], citing Brown v. Metro. Transit Auth., 717 F.Supp. 257, 259 [S.D.N.Y. 1989] [finding failure to show notice of claim was filed permitted dismissal for failure to state a cause of action]), Plaintiffs' Complaint, with respect to their state law claims, inclusive of Plaintiffs' Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, and Nineteenth causes of action, must be dismissed.

**II.   Plaintiffs' twelfth, sixteenth, seventeenth, and nineteenth causes of action must be dismissed for plaintiffs' failure to set forth these claims in their notices of claim.**

The Second Circuit has held that state notice-of-claim statutes apply to state-law claims brought in federal court. (Hardy., supra at 793 [2d Cir. 1999]). Notice of claim requirements "are construed strictly by New York state courts," and failure to comply with these requirements "ordinarily requires a dismissal for failure to state a cause of action." (Id. at 793–94). "The purpose of the notice-of-claim requirement is to afford the municipality an adequate opportunity to investigate the claim in a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation." (Id., quoting Fincher v. Cnty. of Westchester, 979 F.Supp. 989, 1002 [S.D.N.Y. 1997]).

As the Second Circuit stated, in Parise v. New York City Dep't of Sanitation, (306 F.App'x 695, 697 [2d Cir. 2009]), "The notice of claim must set forth, *inter alia*, 'the nature of the claim; [ ] the time when, the place where and the manner in which the claim arose; and [ ] the items of damage or injuries claimed to have been sustained.'" N.Y. Gen. Mun. Law § 50–e(2).

The "courts have not interpreted the statute to require that a claimant state a precise cause of action in haec verba in a notice of claim". (see, Ismail v. Cohen, 706 F.Supp. 243 [S.D.N.Y. 1989] *affd*. 899 F.2d 183 [2d Cir. 1990]), Thus, as the Southern District stated, in Fincher v. County of Westchester, 979 F.Supp 989 [S.D.N.Y. 1997]), the "test of a notice of claim's sufficiency is whether it includes enough information to enable the municipality to investigate the claim adequately." (O'Brien v City of Syracuse, 445 N.Y.S.2d 687, 689 [1981]). "Merely providing notice of the occurrence is not adequate to constitute notice of a particular claim." (Brown v. New York City Transit Authority, 568 N.Y.S.2d 54, 56 [1st Dep't 1991]).

The Court continued, stating that "[t]he fact that a cause of action not mentioned in the notice of claim arises out of the same incident as enumerated claims 'is not pivotal; rather, the nature of the claim and the theory of liability are determinative.'" (Fincher, supra at 1003, citing Wanczowski v. City of New York, 588 N.Y.S.2d 1011 [1st Dept 1992], quoting Mazzilli v. City of New York, 545 N.Y.S.2d 833, 835 [2d Dept 1989]).

Thus, the Court stated, "[a]ny cause of action or theory of liability not directly or indirectly mentioned in the notice of claim may not be included in a subsequent lawsuit." (Jewell v. City of New York, No. 94–5454, 1995 WL 86432, at *1 [S.D.N.Y. 1995], citing Demorcy v. City of New York, 524 N.Y.S.2d 742, 743 [2d Dept 1988]; Moore v. County of Rockland, 596 N.Y.S.2d 908, 911 [3d Dept 1993]; Mazzilli, supra at 835).

8

Here, some Plaintiffs served a Notice of Claim on the City Defendants on or about July 30, 2024. (*See* Exhibit A). Plaintiffs fail to assert any facts that would directly or indirectly inform the City Defendants of claims arising from allegations of false arrest, violations of New York Civil Rights Law § 40-c or § 79-n, or malicious prosecution claims in their Notices of Claim.

Accordingly, Plaintiffs' Complaint with respect to these claims fails to comply with General Municipal Law § 50-e, requiring dismissal of the twelfth, sixteenth, seventeenth, and nineteenth causes of action.

### III. Plaintiff Jazmine C. Frazier's Claims must be dismissed in their entirety as Jazmine C. Frazier never served a Notice of Claim on the City of Buffalo.

Failure to comply with the Notice of Claim requirements ordinarily requires a dismissal for failure to state a cause of action. (See Brown v. Metropolitan Transport. Auth., 717 F.Supp. 257, 259 [S.D.N.Y. 1989]; Davidson, supra at 62). As Plaintiff failed to comply with the mandates of General Municipal Law §50-e, she has failed to satisfy a condition precedent to bringing her state law claims, requiring dismissal of these claims. (*O'Brien*, supra at 358). Therefore, Plaintiff Jazmine C. Frazier's ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and nineteenth causes of action should be dismissed.

### IV. Plaintiffs' Causes of Action for violations of the New York State Constitution must be dismissed.

In Biswas v. City of New York, (973 F. Supp. 2d 504, 522 [S.D.N.Y. 2013]), the Southern District of New York stated that "[a]lthough the New York Court of Appeals has recognized a cause of action for damages based on official conduct violating the State's Constitution", (Brown v. State, 89 N.Y.2d 172 [1996]), "the same court has made clear that such a cause of action is a 'narrow remedy' available only when 'necessary to effectuate the purposes of the State constitutional protections [that the] plaintiff invokes' or "appropriate to ensure full realization of [the plaintiff's]

rights." (Martinez v. City of Schenectady, 97 N.Y.2d 78 [2001]). "Thus, the state constitutional tort is usually available only in cases in which a plaintiff ... has no alternative remedy." (Lyles v. State, 2 A.D.3d 694 [2d Dept 2003], *aff'd on other grounds*, 3 N.Y.3d 396 [2004]; Wahad v. FBI, 994 F.Supp. 237, 238–40 [S.D.N.Y. 1998]).

The Southern District specified that "[a]ctions for damages at common law and under § 1983 are both considered adequate alternative remedies that preclude the assertion of a claim for damages under the state Constitution." (Hershey v. Goldstein, 938 F.Supp.2d 491 [S.D.N.Y. 2013] ["District courts in this circuit have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under § 1983."], quoting Campbell v. City of New York, No. 09 Civ. 3306, 2011 WL 6329456, at *5 [E.D.N.Y. 2011]; Wahad, supra at 240, 240 n. 4 ["Section 1983 need not provide the exact same standard of relief in order to provide an adequate remedy"]; Singh v. City of New York, 418 F.Supp.2d 390, 405 [S.D.N.Y. 2005], *aff'd on other grounds*, 524 F.3d 361 [2d Cir. 2008]).

Thus, as Plaintiffs have pled Causes of Action sounding under § 1983, which are adequate alternatives, Plaintiffs' ninth and tenth causes of action for violations of the New York Constitution, Article I, Sections 8, 9, and 11 must be dismissed as "unavailable where [the] alternative remedy will adequately protect the interests at stake". (Hershey, supra at 520, citing Coakley v. Jaffe, 49 F.Supp.2d 615, 628–29 [S.D.N.Y. 1999], *abrogated on other grounds by* Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268 [2d Cir. 1999]).

**V.    Plaintiffs' New York Civil Rights Law §40-c claim must be dismissed as plaintiffs have failed to comply with a condition precedent to bringing suit.**

Plaintiffs' sixteenth cause of action for violation of New York Civil Rights Law §40-c must be dismissed as, upon information and belief, Plaintiffs have failed to comply with the statutory requirements of notice prior to bringing a § 40-c claim. New York Civil Rights Law § 40-c provides

that "no person shall, because of ... [race/religion] ... be subjected to any discrimination in his or her civil rights ... by any other person or by any firm, corporation or institution." (N.Y. Civ. R. L. § 40-c [2]). Section 40-d requires that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general" notice to the Attorney General must be alleged in the pleadings. (Prasad v. Cornell University, 2016 WL 3212079 [N.D.N.Y. 2016]; Giamo & Vreeburg v. Smith, 192 A.D.2d 41, 45-46 [2d Dept. 1993]).

Rule 3 of the Federal Rules of Civil Procedure makes clear that an action commences upon the filing of a complaint. (*See* Fed. R. Civ. P. 3 ["A civil action is commenced by filing a complaint with the court."]). Thus, Notice to the Attorney General must have been completed at or before the filing of a complaint.

In Sundaram v. Brookhaven Nat. Lab'ys, (424 F. Supp. 2d 545, 571 [E.D.N.Y. 2006]), the Eastern District of New York stated that "New York courts have consistently held that notice to the attorney general is an essential prerequisite to actions for violations of section 40–c." (See, e.g., Giaimo & Vreeburg, supra at 45–46, [2nd Dept 1993]; Silver v. Equitable Life Assur. Soc. of U.S., 168 A.D.2d 367, 368 [1st Dept 1990]; accord Shepard v. Frontier Communications Services, Inc., 92 F.Supp.2d 279, 287 [S.D.N.Y. 2000]; Harvey v. NYRAC, Inc., 813 F.Supp. 206, 212 [E.D.N.Y. 1993]).

Therefore, as it is an essential prerequisite, the Courts have consistently held that failure to comply with § 40-d mandates dismissal of a § 40-c claim. (Mosier v. State Univ. of New York, No. 18CV6539SJFAKT, 2020 WL 42830 at * 12 [E.D.N.Y. 2020]; Karam v. Cnty. of Rensselaer, No. 113CV01018MADDJS, 2016 WL 3029951 at *5 [N.D.N.Y. 2016; Hogan v. Cnty. of Lewis, N.Y., 929 F. Supp. 2d 130, 152 [N.D.N.Y. 2013], *on reconsideration in part*, No. 7:11-CV-0754

11

LEK/ATB, 2014 WL 118964 [N.D.N.Y. 2014]; Cardona v. Cmty. Access, Inc., No. 11-CV-4129 MKB, 2013 WL 304519 at *10 [E.D.N.Y. 2013]).

Moreover, the Courts have also held that the failure to plead compliance with § 40-d mandates dismissal of a § 40-c claim. (Prasad, supra at *24; Giamo & Vreeburg, supra at 45-46; Cardona v. Cmty. Access, Inc., No. 11-CV-4129 MKB, 2013 WL 304519 at *10 [E.D.N.Y. 2013]). Here, Plaintiffs do not allege, in any part of their Complaint, that the mandatory notice was provided to the Attorney General under New York Civil Rights Law § 40-d. Accordingly, Plaintiffs' sixteenth cause of action under New York Civil Rights Law § 40-c, must be dismissed.

VI. **Plaintiffs' Eighth Cause of Action sounding in 42 USC § 1983 Monell must be dismissed as Plaintiff fails to assert sufficient factual allegations to establish a policy or custom.**

"It is well established that "under § 1983, local governments are responsible only for 'their own illegal acts.' .... They are not vicariously liable under § 1983 for their employees' actions." (Outlaw v. City of Hartford, 884 F.3d 351, 372–73 [2d Cir 2018], citing Connick v. Thompson, 563 U.S. 51, 60 [2011], quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 [1986]; see, e.g., Board of County Commissioners v. Brown, 520 U.S. 397, 403 [1997] ["We have consistently refused to hold municipalities liable under a theory of respondeat superior."]; City of Canton v. Harris, 489 U.S. 378, 392 [1989]; Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 665-83, [1978]).

Therefore, "Plaintiffs who seek to impose liability on local governments under § 1983 must prove, *inter alia*, that the individuals who violated their federal rights took "'action pursuant to official municipal policy.'" (Thompson, supra at 60, quoting Monell, supra at 691). "Official municipal policy includes" not only "the decisions of a government's lawmakers," but also "the acts of its policymaking officials, and practices so persistent and widespread as to practically have

12

the force of law. ... These are 'action[s] for which the municipality is actually responsible.'" (Thompson, supra at 61, quoting Pembaur, supra at 479-80).

In Thompson, the Supreme Court stated that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." (See Oklahoma City v. Tuttle, 471 U.S. 808, 822–823, [1985)] ["a 'policy' of 'inadequate training' " is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in Monell"]).

As the Supreme Court stated, in City of Canton, Ohio v Harris, (489 U.S. 378, 389 [1989]), "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." The Court continued, stating that "[a]s Justice BRENNAN's opinion in Pembaur v Cincinnati, 475 U.S. 469, 483–484, (1986) (plurality) put it: "[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives" by city policymakers."

Thus, in order "to satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" (Harris, supra at 388). "Only then 'can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983.'" (Id., at 389).

The Court continued, stating that "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." (Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 410 [1997]). Therefore, "when

13

city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." (Id., at 407).

A "city's 'policy of inaction' in light of notice that its program will cause constitutional violations 'is the functional equivalent of a decision by the city itself to violate the Constitution.'" (Harris, supra at 395, O'Connor, J., concurring in part and dissenting in part); see also Pembaur, supra, at 483, opinion of Brennan, J. ["[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by (the relevant) officials ... "]).

Thus, "Plaintiff[s] must ... prove a causal link between the policy, custom or practice and the alleged injury in order to find liability against a municipality." (See Batista v. Rodriguez, 702 F.2d 393, 397 [2d Cir. 1983]). "'[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.'" (DeCarlo v. Fry, 141 F.3d 56, 61 [2d Cir 1998], quoting Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 2d Cir. 1991]). Put another way, "a municipality may not be found liable simply because one of its employees committed a tort." (Board of County Com'rs of Bryan County, Okl. v Brown, 520 U.S. 397, 405 [1997]).

Indeed, in Drawbridge v. Schenectady Cnty. Dep't of Soc. Servs., (2024 WL 1152524, at *1 [2d Cir 2024]), the Second Circuit stated that in order to demonstrate this deliberate indifference, the plaintiff must present evidence of "a pattern of similar constitutional violations by untrained employees." (Id).

Thus, it is well settled that conclusory allegations of a municipal policy or custom are patently insufficient to state a claim. (See, Dwares v City of New York, 985 F.2d 94, 100 [2d Cir.

1993] ["mere assertion ... a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference."]; Corbett v City of New York, 1:15-CV-09214-GHW, 2016 WL 7429447, at *3 [S.D.N.Y. 2016] ["labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss.]).

Here, Plaintiffs' Complaint contains no factual allegations sufficient to establish a municipal policy or custom or a causal connection. Moreover, "[t]he mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." (Dwares v. City of N.Y., 985 F.2d 94, 100 [2d Cir 1993], overruled on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 [1993]).

Plaintiffs' pleadings assert no actual policy or procedure, are "unsupported by facts, vague and generalized, and do[] not allege an affirmative causal link between that policy, custom, or practice and the alleged constitutional injury." (Schmelzinger v. City of Buffalo, No. 1:22-CV-186, 2024 WL 1023840, at *7 [WDNY 2024]). Plaintiffs now attempt to assert a series of specious, unsupported accusations that "some of the Defendant agencies (particularly the Buffalo Police Department and Erie County Sheriff's Office) have histories of aggressive protest policing and have condoned or ratified excessive force in crowd contexts." (Plaintiffs' Summons and Complaint, pp. 350).

It is clear that "plaintiff[s] alleging a municipality's deliberate indifference on a failure to supervise theory must cite violations that occurred before the conduct at issue took place." (Rodriguez v. City of New York, 607 F.Supp.3d 285, 300-01 [E.D.N.Y. 2022], citing Greene v. City of New York, 742 Fed. App'x 532, 537 [2d Cir. 2018]; See also McLennon v. City of New York, 171 F. Supp. 3d 69, 99 [E.D.N.Y. 2016]). Plaintiffs fail, wholesale, to do so. Instead,

15

Plaintiffs assert only allegations related to this one incident, which is insufficient to establish Monell liability. (See Grantley v. City of New York, No. 12 CIV. 8294 KBF, 2013 WL 6139688 at *3 [S.D.N.Y. 2013]; Worrell v. City of N.Y., No. 12-CV-6151 MKB, 2014 WL 1224257 at *12-13 [E.D.N.Y. 2014]).

Instead, Plaintiffs assert unsubstantiated, and unsupported legal conclusions about the Buffalo Police Department's "departmental culture", stating that it "the conduct [alleged] reflects a departmental culture in which violence against peaceful demonstrators is normalized, humiliation is encouraged, and expressive or dissenting speech is met with contempt." (Plaintiffs' Summons and Complaint, pp. 354).

Plaintiffs have offered a series of unsupported conclusions and allegations of conduct but has not plead any specifics as to the existence of the "policy" that is the basis of their claim, and this "boilerplate language echoing the requirements contained in Monell will not suffice", to establish Monell liability. (Busch v. Howard, No. 1:20-CV-01515, 2021 WL 2946532 at *8 [W.D.N.Y. 2021], citing Batista v. Rodriguez, 702 F.2d 393, 397 [2d Cir. 1983]; See also Bryant v. Ciminelli, 267 F. Supp. 3d 467, 473 [W.D.N.Y. 2017]).

Therefore, Plaintiffs have failed to properly plead a Monell claim, asserting only vague and conclusory statements which in and of themselves do not create a proper pleading. Thus Plaintiffs' Monell claims must be dismissed.

### VII. Plaintiffs' Seventh Cause of Action sounding in substantive due process must be dismissed.

Plaintiffs' Seventh cause of action must be dismissed insofar as it asserts a substantive due process claim. The Supreme Court, in Albright v. Oliver, (510 U.S. 266 [1994]), held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of

'substantive due process,' must be the guide for analyzing these claims." (See also <u>Kaluczky v. City of White Plains</u>, 57 F.3d 202, 211 [2d Cir. 1995]; <u>Ayeni v. Mottola</u>, 35 F.3d 680, 691 [2d Cir. 1994], *cert. denied*, 514 U.S. 1062 [1995]). "Substantive due process analysis is therefore inappropriate ... if [the] claim is 'covered by' the Fourth Amendment." (<u>Cty. of Sacramento v. Lewis</u>, 523 U.S. 833, 843 [1998]).

Accordingly, "where a specific constitutional provision prohibits government action, plaintiffs seeking redress for that prohibited conduct in a §1983 suit cannot make reference to the broad notion of substantive due process." (<u>Velez v. Levy</u>, 401 F.3d 75, 94 [2d Cir. 2005]).

Here, Plaintiffs' Substantive Due Process claim is based on, and subsumed by, the same allegations contained in their other Section 1983 claims. As Plaintiffs' Substantive Due Process cause of action is encompassed by claims brought under other provisions of the Constitution, their Seventh cause of action insofar as it asserts a Substantive Due Process claim must be dismissed.

VIII. **Plaintiffs' Fourteenth cause of action cannot maintain a cause of action for negligence/gross negligence.**

As the Western District of New York stated, in <u>Pierce v. Ottoway</u>, (No. 06-CV-644C(F), 2009 WL 749862, at *9 [W.D.N.Y. 2009]), "Courts within New York have consistently held that where the underlying conduct on which a negligence claim is based rests on an arrest, imprisonment, and prosecution of the plaintiff, the '[p]laintiff may not recover under broad principles of general negligence, ... but must proceed by way of the traditional remedies of false arrest and imprisonment and malicious prosecution.'" (<u>Boose v. City of Rochester</u>, 421 N.Y.S.2d 740, 744 [4th Dept 1979]; see also <u>Bernard v. United States</u>, 25 F.3d 98, 102 [2d Cir. 1994] [observing that New York law does not provide for recovery under general negligence principles for a claim that law enforcement officials failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution]; <u>Higgins v. City of Oneonta</u>, 617 N.Y.S.2d 566 [3d

Dept 1994], *lv. to app. denied,* 85 NY2d 803 [1995] [a party seeking damages for an injury resulting from a wrongful arrest and detention is relegated to the traditional remedies of false arrest and imprisonment]).

"New York courts have long held that, where a plaintiff brings false-arrest and false-imprisonment claims, she cannot also recover under broad principles of negligence." (Sullivan v. City of New York, No. 17 CIV. 3779 (KPF), 2018 WL 3368706 at *18 [S.D.N.Y. 2018]). See also Toure v. Air France, No. 2:21-CV-1645 (GRB) (ST), 2022 WL 4079592 at *3 [E.D.N.Y. 2022]).

Here, Plaintiffs' Complaint seeks damages under a negligence and gross negligence schema for alleged injuries sustained during their arrests. However, Plaintiffs' Fourteenth claim for negligence and gross negligence must be dismissed as Plaintiffs must instead proceed under the traditional remedy of their false arrest claim.

## IX. Plaintiff's Fifteenth cause of action claim for negligent hiring, training, and supervision must be dismissed.

Plaintiffs' Fifteenth cause of action for negligent hiring, training, and supervision must be dismissed. "New York law does not permit a claim for negligent hiring, training, retention or supervision where the defendants act in the scope of their employment. (Schoolcraft v. City of New York, 103 F.Supp.3d 465, 521–22 [S.D.N.Y. 2015], *on reconsideration in part*, 133 F. Supp. 3d 563 [S.D.N.Y. 2015], citing Newton v. City of New York, 681 F.Supp.2d 473, 488 [S.D.N.Y. 2010]; Stokes v. City of New York, 05–CV–0007 (JFB)(MDG), 2007 WL 1300983, *14, 2007 U.S. Dist. LEXIS 32787, *53–54 [E.D.N.Y. 2007]; Colodney v. Continuum Health Partners, Inc., 03–CV–7276 (DLC), 2004 WL 829158, *8–9, 2004 U.S. Dist. LEXIS 6606, *27–28 [S.D.N.Y. 2004]; Sun Min Lee v. J.B. Hunt Transp., Inc., 308 F.Supp.2d 310, 312 [S.D.N.Y. 2004]).

Indeed, this Court stated, in Flannery v. Cnty. of Niagara, (763 F.Supp.3d 364, 455 [W.D.N.Y. 2025]), that an employee acting "outside the scope of [their] employment [was] a

18

precondition to a claim of negligent hiring, retention, supervision or training." (See Bryant v. Monroe County, 2022 WL 119184, at *14 [W.D.N,Y. 2022] [plaintiffs' "claim of negligent hiring, retention, training or supervision, is incompatible with the Complaint's unambiguous factual assertion that the defendant ... officers were acting within the scope of their employment at all relevant times"]; see also Ortiz v. Orleans County, 2022 WL 1242486, at *5, *report and recommendation adopted*, 2022 WL 1241704 [W.D.N.Y. 2022] [county sheriff not liable for negligent training and supervision claim based on plaintiff's failure to allege sheriff's employees acted outside the scope of their employment]; Ben v. United States, 160 F.Supp.3d 460, 476–77 [N.D.N.Y. 2016] ["... the only time a claim for negligent retention, training or supervision makes sense is when an employee tortiously injures someone while acting outside the scope of his employment, and the injured party cannot hold the employer vicariously liable in *respondeat superior* for the employee's tort ...."], accord Doe by & through Doe v. E. Irondequoit Cent. Sch. Dist., No. 16-CV-6594 (CJS), 2018 WL 2100605, at *27 [W.D.N.Y. 2018]).

Here, Plaintiffs consistently and affirmatively allege throughout their Complaint that the City Defendants were acting within the scope of their employment as Buffalo Police Officers during the events that are alleged to have occurred in the Complaint. (*See* Exhibit B, ¶¶ 45, 219, 409, 435, 444). A precondition in bringing a claim for negligent hiring, training and supervision, is that the Officers were acting *outside* the scope of their employment, Plaintiff's Fifteenth Cause of Action must be dismissed.

X.   **Plaintiffs' Cause of Action seeking Punitive Damages must be dismissed.**

As the Western District of New York stated, in Krause v. Buffalo & Erie Cnty. Workforce Dev. Consortium, Inc., (425 F.Supp. 2d 352, 391 [W.D.N.Y. 2006]), "[i]t is settled that punitive damages cannot be recovered from a municipal entity or municipal employees sued in their official capacity." (Ivani Contracting Corp. v. City of New York, 103 F.3d 257, 262 [2d Cir. 1997], *cert.*

19

*denied*, 520 U.S. 1211 [1997] [holding defendant municipal officers, sued only in their official capacity, enjoyed the same immunity from punitive damages as did the defendant municipality]; See <u>Wierzbic v. County of Erie</u>, No. 13-CV-978S, 2018 WL 55052 at *11 [W.D.N.Y. 2018), <u>New Windsor Volunteer Ambulance Corps, Inc. v. Meyers</u>, 442 F.3d 101, 122 [2d Cir. 2006]).

Here, the Plaintiffs have not sued any officer in their individual capacities and therefore, any and all punitive damages claims asserted in the Complaint against the City Defendants must be dismissed with prejudice.

## CONCLUSION

The City Defendants respectfully request that this Court grant these Defendants' motion, dismissing portions of Plaintiffs' Complaint with prejudice, and for such other and further relief that to this Court may seem necessary, just, and proper.

Dated: _____, 202__
Buffalo, New York

By: _____
Anthony C. Duddy, Esq.
City of Buffalo Department of Law
65 Niagara Square
1100 City Hall
Buffalo, New York 14202